Locke, Judge,
 

 delivered the opinion of the Court:
 

 It has already been decided by this Court, that an appeal cannot be sustained, where the appellant has failed to give two securities.! This question is again brought forward, either for the purpose of having that decision revised, or under a belief that this case is attended with some peculiar circumstances which did not attend the case heretofore decided. The only peculiar circumstance attending this case is, that the case was permitted to remain upon the docket of the Superior Court from April term, 1807, to April term, 1810, during which time, sundry orders were made in it, before any motion was made to dismiss. But this circumstance cannot sustain the appeal. The act of 1777, c. 2, declares, “ that if any person or persons, either Plaintiff or Defendant, shall be dissatisfied with the judgment, sentence, or decree of the County Court, he may pray an appeal to the Superior Court of Law : but before obtaining the same, shall enter into bond with
 
 two sufficient securities
 
 for prosecuting the same with effect, and for performing thm judgment, sentence and decree, which the Superior Court shall pass thereon.” The mode of having a cause revived in the Superior Court, by way of appeal, is given by this act of' Assembly, and not by the Common Law ; and the Legislature who gave the right of having a cause tried
 
 de novo
 
 in the Superior Court upon an appeal, have prescribed the terms upon which this right might be had. If they had not prescribed the terms, they would have given to the Superior Courts the power of modelling the practice, according to the principles of justice, and the convenience, of parties. But they have, in clear and unequivocal language, declared, that before either Plaintiff or Defendant shall have this right, he shall enter into
 
 *497
 

 bond
 
 with two sufficient securities. What, then, is the power given to the County Court in granting appeals ? Simply to decide whether the two securities offered be good and sufficient, not whether the party praying the appeal shall be entitled to it on his giving one sufficient security. The object of the act was to secure the appel-lee in any judgment he might obtain in the Superior
 
 Court;
 
 and although it is said, this object will be attained equally as well where one sufficient security is given, the Legislature thought there would be more certainty in having this object attained, by having two sufficient securities given, than one. They presumed that the party prevailing in the County Court liad justice otr his side, and if the other party were»dissatisfied, he should not appeal until he secured his adversary in such judgment as he might recover in the Superior Court. They have pointed out how that security shall be given, and have made the giving of it a condition precedent to obtaining the appeal. Until this condition be complied with, the County Court have no power to grant an appeal.
 

 It is said, the County Court having granted an appeal in this case, and being a Court of competent jurisdiction, ibis Court will presume that it has acted rightly. The answer to this is, that the act of Assembly makes the appeal bond a part of the record to be certified to the Superior Court, and although the presumption is, that the County Court has acted rightly, yet this presum potion lasts only until the contrary appears
 
 i
 
 and that appears from the record certified to the Superior Court, And as it is as much the fault of one party as of the other to permit the case to remain so long on the docket of the Superior Court, a motion to dismiss, for the reasons offered in this case, is always in order. The act of Assembly is imperative, and the motion to dismiss the appeal must be allowed. ' Appeal dismissed.